IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL K. CIACCI, | ) | CIV. NO. 19-00476 DKW-KJM |
| | ) | |
| Petitioner, | ) | ORDER GRANTING IN FORMA |
| | ) | PAUPERIS APPLICATION; |
| vs. | ) | DISMISSING PETITION; AND |
| | ) | DENYING CERTIFICATE OF |
| UNITED STATES PROBATION | ) | APPEALABILITY |
| OFFICE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court is Petitioner Michael K. Ciacci's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 ("Petition"),[1] and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). Ciacci is currently serving his term of supervised release, pursuant to his 2013 conviction in the District of Columbia Superior Court ("Superior Court"), in Hawaii under the authority of the United States Parole Commission. *See* D.C. Code § 24-133(c)(2).

For the following reasons, the IFP Application is GRANTED,[2] the Petition

---

[1] "A 'conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law,' and a challenge to a Superior Court conviction is 'properly brought under 28 U.S.C. § 2254.'" *Wright v. Wilson*, 930 F. Supp. 2d 7, 10 (D.D.C. 2013) (quoting *Smith v. United States*, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000)).

[2] Review of the IFP Application reflects that Ciacci's only income (of any sort) is an amount less than $800 a month in welfare benefits. As a result, Ciacci's income falls below the

(continued...)

is DISMISSED, and any request for certificate of appealability is DENIED.

## I. BACKGROUND[3]

On September 12, 2013, Ciacci was found guilty in the Superior Court for the District of Columbia ("Superior Court") of: (1) Aggravated Assault Knowingly While Armed ("Count 2 "); (2) Assault With A Dangerous Weapon ("Count 3 "); and (3) Assault with Significant Bodily Injury ("Count 4"). *See* Pet., ECF No. 1, at PageID #2; *see also United States v. Ciacci*, 2011 CF2 012334 (D.C. Super. Ct.), https://eaccess.dccourts.gov/eaccess/search.

On November 15, 2013, the Superior Court sentenced Ciacci to 96 months imprisonment with five years supervised release on Count 2; 48 months imprisonment with three years supervised release on Count 3; and 24 months imprisonment with three years supervised release on Count 4, all terms to run concurrently. *Ciacci*, 2011 CF2 012334; *see also* Pet., ECF No. 1, at PageID #2. On November 27, 2013, Ciacci directly appealed his conviction and sentence. *See Ciacci v. United States*, 13-CF-1359 (D.C. Ct. App. 2013).

---

[2](...continued)
poverty threshold identified by the Department of Health and Human Services' 2019 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. The Court, thus, GRANTS the IFP Application.

[3]The procedural history of Ciacci's criminal and post-conviction proceedings is taken from the Petition, from publicly available federal court records, and from records of the D.C. Superior and Appellate Courts. https://eaccess.dccourts.gov/eaccess/search; https://pcl.uscourts.gov/pcl/pages/search/results.

On July 10, 2015, the Court of Appeals for the District of Columbia ("D.C. Court of Appeals") affirmed Ciacci's conviction in part, remanding to the Superior Court "to vacate the lesser-included convictions affected by the merger" of Count 2 with Counts 3 and 4. *See Ciacci*, 13-CF-1359; 2011 CF2 012334.

On July 16, 2015, the Superior Court issued an Amended Judgment that merged Count 2 with Counts 3 and 4. It imposed a 48-month term on Count 3 and a 24-month term on Count 4, terms to run concurrently, with three-year terms of supervised release on both Counts. *Id.*

On December 3, 2013, while his direct appeal was pending, Ciacci also filed a Motion to Vacate, Set Aside or Correct Sentence and Judgment ("Motion"), pursuant to D.C. Code § 23-110. The Superior Court denied the Motion on March 9, 2015. *Id.* Ciacci appealed, and the D.C. Court of Appeals affirmed on September 21, 2016. *See Ciacci v. United States*, App. No. 15-CO-0334 (D.C. App. 2016). The mandate issued on October 13, 2016.

Ciacci also filed a previous federal habeas petition, pursuant to 28 U.S.C. § 2254, in the U.S. District Court for the Eastern District of North Carolina, where he was then confined. *See Ciacci v. Tripp*, Civ. No 5:15-HC-2062-F (E.D. N. Car. Dec. 15, 2015). That petition was summarily dismissed for lack of venue, jurisdiction, and because Ciacci's § 23-110 was still pending in the D.C. Superior Court. *Id.*

Ciacci filed the present Petition on September 4, 2019, after he was placed on supervised release in Hawaii. He "seeks relief from his [Superior Court] sentence on the grounds that the sentence violates the United States Constitution." Pet., ECF No. 1, at PageID #1. Ciacci alleges that his sentence violates the Fifth and Sixth Amendments because: (1) the judge who presided at his criminal trial was assigned to review and adjudicate his D.C. Code § 23-110 Motion; (2) his court-appointed public defender provided ineffective assistance of counsel before and during trial; and (3) his sentence, which included terms of incarceration and terms of supervised release, allegedly constitutes two separate sentences for one crime in violation of the Fifth Amendment.[4]

## II. STANDARD OF REVIEW

The Court must screen all petitions for writ of habeas corpus before service to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v.*

---

[4] Ciacci claims his "eight year prison term . . . to include five years supervised release," constitutes two separate sentences and a thirteen year term. Pet., ECF No. 1, at PageID #8. Ciacci's amended sentences only imposed four years imprisonment, however, as Counts 3 and 4 were served concurrently, and his terms of supervised release run for three years, not five, and are also concurrent.

*Pardus*, 551 U.S. 89, 93–94 (2007).

### III. **<u>DISCUSSION</u>**

Even under the less stringent standard for reviewing pro se pleadings, Ciacci's Petition is subject to summary dismissal. A liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**A.     The Court Lacks Jurisdiction Under D.C. Code § 23-110**

Because Ciacci was convicted and sentenced in the D.C. Superior Court in 2013, he is subject to the provisions of the District of Columbia Reform and Criminal Procedure Act of 1970 ("Court Reform Act"). *See Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997). Congress enacted D.C. Code § 23-110 "to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009); *Blair Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

Thus, collateral challenges to sentences imposed by the District of Columbia Superior Court must be brought in that court. This conforms with normal rules of habeas jurisprudence, where the appropriate venue for a habeas corpus petition challenging a conviction or sentence is in the district court for the district where the judgment was entered, to ensure the accessibility of evidence,

records, and witnesses. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (discussing appropriate venue for § 2254 petitions) (citing *Brown v. United States*, 610 F. 2d 672, 677 (9th Cir. 1980) (discussing appropriate venue under § 2255)).

Under District of Columbia law, a collateral motion to challenge a conviction and sentence may be filed in the D.C. Superior Court consistent with the following:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a).

Unlike a prisoner convicted in a state court or in a United States district court, however, "a District of Columbia prisoner has no recourse to a federal judicial forum unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (citations and internal quotation marks omitted). Section 23-110(g) clearly prohibits a prisoner convicted in the D.C. Superior Court from pursuing federal habeas relief if such prisoner has "failed to make a motion for relief under this section *or that the Superior Court has denied him relief*, unless it also appears

6

that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* D.C. Code § 23-110(g). Federal courts therefore generally lack jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court. *See Swain v. Pressley*, 430 U.S. 372, 377-78 (1977) (finding that § 23-110 divests federal courts of jurisdiction over such claims absent a showing that § 23-110 is inadequate or ineffective to test the legality of the detention). Where such relief is available, it must be sought in the United States District Court for the District of Columbia.

Ciacci by his own account has filed at least one motion under § 23-110 with the D.C. Superior Court that was denied and that denial was affirmed on appeal. Therefore, he has had the benefit of collateral review by the court with the constitutional authority to grant the relief he seeks. His dissatisfaction or disagreement with that decision does not make the remedial process ineffective or inadequate. Likewise, the fact that Ciacci may be procedurally barred from filing a successive motion under D.C. Code § 23-110 does not render this remedy ineffective or inadequate. *Chase v. Rathman*, 765 F. Supp. 2d 1, 2 (D.D.C. 2011). Ciacci fails to demonstrate that the remedy available to him under § 23-110 is or was ineffective or inadequate. Pursuant to the prohibition in § 23-110(g), this Court lacks jurisdiction and venue to entertain this Petition.

**B.      The Petition Appears Untimely**

7

A one-year statute of limitation applies to applications for writs of habeas corpus, subject to certain tolling conditions. 28 U.S.C. § 2244(d). The statute reads in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The D.C. Superior and Appellate Court records affirmatively show that Ciacci's conviction in 2011 CF2 012334 was final on direct appeal on November 5, 2015 when the D.C. Court of Appeals denied his motion to recall the mandate.

*See* 13-CF-1359 (D.C. Ct. App. Nov. 5, 2015). Ciacci did not seek certiorari from the United States Supreme Court.

Moreover, while the statute of limitation was tolled while Ciacci's post-conviction Motion was pending, the D.C. Court of Appeals denied that Motion on September 21, 2016, and the mandate issued on October 13, 2016. Even if Ciacci was able to show that § 23-110 was "inadequate or ineffective to test the legality of his detention," D.C. Code § 23-110(g), and even if he brought a challenge in the correct federal district court, the statute of limitation on his claims appears to have expired no later than October 13, 2017. Unless Ciacci can show that he is entitled to equitable tolling of the statute, his claims would be time-barred.

## IV. CERTIFICATE OF APPEALABILITY

Jurists of reason would not disagree with this Court's ruling herein, nor would such jurists disagree that Ciacci has failed to make a substantial showing to the contrary. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012). Any request for a certificate of appealability is DENIED. *See Miller El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(1(A).

## V. CONCLUSION

For the foregoing reasons:

(1) Ciacci's Application to Proceed in District Court Without Prepaying

9

Fees or Costs is GRANTED.

(2) The Petition is DISMISSED.

(3) Any request for a certificate of appealability is DENIED.

(4) The Clerk is DIRECTED to terminate this action and close the file.

IT IS SO ORDERED.

DATED: September 16, 2019 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

Michael K. Ciacci v. United States Probation Office,; Civil No. 19-00476 DKW KJM; **ORDER GRANTING IN FORMA PAUPERIS APPLICATION; DISMISSING PETITION; AND DENYING CERTIFICATE OF APPEALABILITY**